## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50363 | DATE | 2/9/2004 |
| CASE TITLE | | Tell vs. Job Smart | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment [#13] and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |
| LC | courtroom deputy's initials |

Date/time received in central Clerk's Office

number of notices

FEB 10 2004 date docketed

2-10-04 date mailed notice

Document Number

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Cleophus Tell, filed a pro se complaint on Tuesday, September 24, 2002, alleging a violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., based on his termination from his job. Plaintiff was subsequently appointed stand-by counsel.

Defendant filed a combined motion to dismiss pursuant to Fed. R. Civ. P. 12b(6) and motion for summary judgment under Fed. R. Civ. P. 56. Defendant asserted that it is entitled to summary judgment because plaintiff failed to file a charge of discrimination with the EEOC within 300 days of his termination and because he failed to file his complaint in this court within 90 days of receiving actual notice of his right to sue from the EEOC. Defendant submitted factual matters outside the complaint in support of its motion, including a document from the U.S. Postal Service showing that plaintiff received his right-to-sue letter on June 24, 2002. The court will consider the motion as one brought under Rule 56.

In his response to defendant's motion, plaintiff submitted evidentiary matters and also admitted that he received the right-to-sue letter on June 24, 2002. He contended that he filed his complaint within 90 days of receiving the notice, however, asserting that "[w]ith the holiday and Sunday being the 22nd of September, the 24 of September would be ninety days."

In its reply brief, defendant essentially abandons its argument that plaintiff did not file his initial charge with the EEOC in a timely manner and relies on its contention that the complaint was not timely filed here.

Under the ADA and Title VII, a plaintiff must file suit within 90 days from the date the plaintiff receives actual notice of his right to sue. Houston v. Sidley & Austin, 185 F. 3d 837, 838-39 (7th Cir. 1999). Based on both plaintiff's admission and the other evidence, it is undisputed that plaintiff here received actual notice of his right to sue on June 24, 2002.

Based on the date of June 24, 2002, plaintiff had until Monday, September 23, 2002, to file his complaint. Under Rule 6(a), when the time period for filing is 11 days or longer, intermediate Saturdays, Sundays, and legal holidays are included except if the last day of the period falls on a Saturday, Sunday, or legal holiday. In that event, the filing period runs to the next day which is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a). In this case, the last day of the 90-day period fell on Sunday, September 22, 2002. Thus, plaintiff had until the next day, Monday, September 23, 2002, to file his complaint. He did not file, however, until Tuesday, September 24, 2002. Accordingly, his complaint is time-barred.

Curiously, plaintiff asserts that a holiday extended the 90-day filing period. For that to have been the case, Monday, September 23, 2002, would have to have been a legal holiday as any other legal holiday during the 90-day period would have counted toward the 90-days. The court is not aware of any legal holiday occurring on Monday, September 23, 2002. Therefore, the court grants summary judgment in favor of defendant and dismisses this cause in its entirety.